1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JULIA B. STRICKLAND (SBN 083013)
*jstickland@steptoe.com*
STEPHEN J. NEWMAN (SBN 181570)
*snewman@steptoe.com*
JAZLYN R. CABULA (SBN 335626)
*jcabula@steptoe.com*
**STEPTOE LLP**
2029 Century Park East, Ste. 980
Los Angeles, CA 90067
Telephone:   (213) 439-9400
Facsimile:    (213) 439-9599

Counsel for Plaintiff
AMERICAN EXPRESS NATIONAL BANK
and AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK, and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation;<br><br>      Plaintiff,<br><br>   vs.<br><br>WELCOME TRADER'S, a California corporation; REHMAN TRADER'S, a California corporation; SARIB REHMAN, an individual; and MEHLAB FATIMA, an individual;<br><br>      Defendants. | Case No.<br><br>**COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL CONSPIRACY TO DEFRAUD, ACCOUNT STATED, MONEY HAD AND RECEIVED, UNJUST ENRICHMENT, AND FALSE PROMISE** |

COMPLAINT

American Express National Bank ("AENB") and American Express Travel Related Services Company, Inc. ("AETRS") (collectively, "American Express") file this Complaint against defendants Welcome Trader's, Rehman Trader's, Mehlab Fatima, ("Fatima") and Sarib Rehman ("Rehman"), inclusive (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.      AENB and AETRS bring this action to remedy a profound breach of several agreements between American Express and defendants Welcome Trader's and Rehman Trader's. Defendants Welcome Trader's and Rehman Trader's, with and under the control of defendants Rehman and Fatima, planned and executed a scheme to defraud American Express over the course of several years by executing voluminous transactions on several American Express business and corporate accounts without intending to make payments on these accounts.

2.      After opening several business accounts, Defendants have accrued an exorbitant amount of money owed to American Express, for past-due payments and fees, totaling over three million dollars. A large amount of the transactions made on these accounts were to the same merchant and cancelled for high value amounts. Furthermore, Defendants systematically made large volume charges to these accounts, would purportedly pay these amounts owed on each credit card account— only for these payments to be cancelled or declined.

3.      This scheme was not a byproduct of Defendants' inability to make payments on these accounts but a deliberate attempt to induce American Express into advancing and increasing Defendants' line of credit, under the guise that these transactions were being paid by Defendants. As a result, American Express have been hoodwinked into increasing Defendants' line of credit and lending more money to Defendants than if it had known Defendants would default on all payments owed under the business accounts. Accordingly, American Express file this instant action to recover all money owed to them over the course of several years.

COMPLAINT

**PARTIES**

4.     AENB is a national bank with its main office in the State of Utah.

5.     AETRS is a New York corporation with its principal place of business in New York.

6.     On information and belief, defendant Welcome Trader's is a California corporation with its principal place of business located at 4495 Valverde Way, Sacramento, California 95823.

7.     On information and belief, defendant Rehman Trader's is a California corporation with its principal place of business located at 1313 North Texas Street, Fairfield, California 94533.

8.     On information and belief, Fatima was at all relevant times the Chief Financial Officer and Director of Rehman Trader's and is an individual residing at 4495 Valverde Way, Sacramento, California 95823.

9.     On information and belief, Rehman was at all relevant times the Chief Executive Officer of Rehman Trader's and Welcome Trader's and is an individual residing at 4495 Valverde Way, Sacramento, California 95823.

10.     At all times mentioned herein, Defendants, and each of them, were the agents, servants, and employees of each of the remaining Defendants and were, in doing the things complained of, acting within the scope of their agency and/or employment, and acting with the full knowledge or subsequent ratification of their principals or employers.

**JURISDICTION AND VENUE**

11.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between AENB, AETRS, and Defendants and the amount in controversy exceeds $75,000. AETRS is a New York corporation with its principal place of business in New York. For the purposes of analyzing diversity jurisdiction, a national banking association "is a citizen of the State in which its main office, as set forth in its articles of association, is located."

1  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). AENB is a national bank with

2  its main office in the State of Utah and thus is a citizen solely of Utah. 28 U.S.C. §

3  1348. The principal place of business for defendants Welcome Trader's and Rehman

4  Trader's is California, and defendants Mehlab Fatima and Sarib Rehman are citizens

5  of California. Accordingly, diversity of citizenship exists between Defendants and

6  American Express.

7        12.    This Court has personal jurisdiction over defendant Welcome Trader's

8  because it is a California corporation with its principal place of business in

9  California. Cal. Code Civ. Proc. § 410.10.

10        13.    This Court has personal jurisdiction over defendant Rehman Trader's

11  because it is a California corporation with its principal place of business in

12  California. Cal. Code Civ. Proc. § 410.10.

13        14.    This Court has personal jurisdiction over defendant Mehlab Fatima

14  because he is a California resident residing at 4495 Valverde Way, Sacramento,

15  California 95823. Cal. Code Civ. Proc. § 410.10.

16        15.    This Court has personal jurisdiction over defendant Sarib Rehman

17  because he is a California resident residing at 4495 Valverde Way, Sacramento,

18  California 95823. Cal. Code Civ. Proc. § 410.10.

19        16.    Venue is proper in this Court because a substantial part of the events or

20  omissions giving rise to the claims occurred in this District. 28 U.S.C. § 1391.

21                          **FACTUAL ALLEGATIONS**

22        17.    On or about July 22, 2016, AENB issued Welcome Trader's an

23  American Express Business Gold Rewards Card ending in 41001 (the "41001

24  Account"). The 41001 Account is governed by a written Cardmember Agreement

25  (the "41001 Agreement"), as amended from time-to-time. Rehman was an authorized

26  user on the 41001 Account. Pursuant to the 41001 Agreement and as an additional

27  Cardmember to the 41001 Agreement, Rehman's use of the 41001 Account is

28  governed by the 41001 Agreement, as expressly stated under "Additional

Cardmembers." The 41001 Agreement further provides that, in the event that Rehman Trader's fails to pay the amount owed on the 41001 Account, AENB is entitled to recover from Welcome Trader's its collection costs, attorneys' fees, court costs, and all other expenses of enforcing AENB's rights under the 41001 Agreement.

18.     On or about January 1, 2019, AENB issued Welcome Trader's an American Express Business Gold Card Account ending in 81008 (the "81008 Account"). The 81008 Account is governed by a written Cardmember Agreement (the "81008 Agreement"), as amended from time-to-time. Rehman was an authorized user on the 81008 Account. Pursuant to the 81008 Agreement and as an additional Cardmember to the 81008 Agreement, Rehman's use of the 81008 Account is governed by the 81008 Agreement, as expressly stated under "Additional Cardmembers." The 81008 Agreement further provides that, in the event that Rehman Trader's fails to pay the amount owed on the 81008 Account, AENB is entitled to recover from Welcome Trader's its collection costs, attorneys' fees, court costs, and all other expenses of enforcing AENB's rights under the 81008 Agreement.

19.     On or about March 6, 2020, AENB issued Rehman Trader's an American Express Business Platinum Card Account ending in 11009 (the "11009 Account"). The 11009 Account is governed by a written Cardmember Agreement (the "11009 Agreement"), as amended from time-to-time. Fatima was an authorized user on the 11009 Account. Pursuant to the 11009 Agreement and as an additional Cardmember to the 11009 Agreement, Fatima's use of the 81008 Account is governed by the 11009 Agreement, as expressly stated under "Additional Cardmembers." The 11009 Agreement further provides that, in the event that Rehman Trader's fails to pay the amount owed on the 11009 Account, AENB is entitled to recover from Rehman Trader's its collection costs, attorneys' fees, court

COMPLAINT

1  costs, and all other expenses of enforcing AENB's rights under the 11009
2  Agreement.

3      20.    On or about March 7, 2023, AETRS issued Rehman Trader's an
4  American Express Corporate Card Account ending in 61003 (the "61003 Account").
5  The 61003 Account is governed by a written Cardmember Agreement (the "61003
6  Agreement"), as amended from time-to-time. Rehman was an authorized user on the
7  61003 Account. Pursuant to the 61003 Agreement and as an additional Cardmember
8  to the 61003 Agreement, Rehman's use of the 61003 Account is governed by the
9  61003 Agreement, as expressly stated under "Additional Cardmembers." The 61003
10  Agreement further provides that, in the event that Rehman Trader's fails to pay the
11  amount owed on the 61003 Account, AETRS is entitled to recover from Rehman
12  Trader's its collection costs, attorneys' fees, court costs, and all other expenses of
13  enforcing AETRS's rights under the 61003 Agreement.

14      21.    Over the course of several years, Defendants began making large
15  charges on American Express Accounts.[1] At the beginning of 2024, the American
16  Express Accounts collectively accrued over a million dollars in unpaid balances.

17      22.    In or around July 2024, Defendants began making large payments to pay
18  off their respective debt on the American Express Accounts. However, each of the
19  payments to the American Express Accounts were declined. While these payments
20  were pending, Defendants requested higher credit limits on the American Express
21  Accounts.

22      23.    In reliance on Defendants' ability to pay these high balances, American
23  Express increased the credit limit on at least one of the American Express Accounts.
24  However, Defendants' payments were cancelled or declined. Additionally,
25  Defendants continued to make charges to each of the American Express Accounts
26  without making payment to American Express.

27  _____
28  [1] "American Express Accounts" refers collectively to the 11009 Account, the 41001
    Account, the 61003 Account, and the 81008 Account.

COMPLAINT

24.     The current outstanding unpaid balance due on the 11009 Account is $1,021,412.62.

25.     The current outstanding unpaid balance due on the 41001 Account is $720,118.25.

26.     The current outstanding unpaid balance due on the 61003 Account is $920,849.27.

27.     The current outstanding unpaid balance due on the 81008 Account is $792,685.97.

28.     American Express requested payment on the American Express Accounts from Defendants, but Defendants have not submitted payment. On or about November 5, 2024, American Express requested Defendants pay the outstanding balances on the American Express Accounts and gave Defendants a deadline to respond. As of the filing of this action, the Defendants' deadline to respond has passed, and Defendants have not sent payment to American Express or communicated with American Express.

## FIRST CLAIM FOR RELIEF

### Breach of Contract – 11009 Agreement

### (Against Rehman Trader's and Fatima)

29.     American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30.     The 11009 Cardmember Agreement is a valid and enforceable contract in which, in consideration of AENB extending credit, to pay for any transactions charged to AENB, including, as applicable, fees and finance charges. In reliance upon the provisions of the 11009 Agreement, AENB did extend credit to Rehman Trader's.

31.     Fatima, as a signatory to the 11009 Agreement, is an obligor to the 11009 Agreement.

COMPLAINT

1    32.    AENB performed and satisfied all of its obligations under the 11009
2    Cardmember Agreement. Any and all conditions precedent to the performance of
3    AENB's contractual obligations have been satisfied or waived.

4    33.    Rehman Trader's and Fatima breached the 11009 Agreement by failing
5    to make timely payments on the respective account. As a result of Rehman Trader's
6    and Fatima's breach, AENB is entitled to all applicable remedies under the
7    agreement, including an amount for the current balance on the account totaling at
8    least $1,021,412.62.

9    34.    Pursuant to the terms of the 11009 Agreement, AENB is entitled to
10   interest on the unpaid principal sums advanced by AENB at the agreed contract rate
11   of interest.  AENB will ask leave of this Court to amend its Complaint at the time of
12   trial, to conform to proof, to state the exact amount of interest to which AENB is
13   entitled.

14   35.    AENB has and will incur attorneys' fees and costs in connection with
15   this matter, in an amount to be determined at trial, which AENB is entitled to recover
16   from Rehman Trader's and Fatima pursuant to the 11009 Agreement.

17                    **SECOND CLAIM FOR RELIEF**
18               **Breach of Contract – 41001 Agreement**
19             **(Against Welcome Trader's and Rehman)**

20   36.    American Express hereby realleges and incorporates by reference each
21   and every allegation contained in the preceding paragraphs as if fully set forth herein.

22   37.    The 41001 Cardmember Agreement is a valid and enforceable contract
23   in which, in consideration of AENB extending credit, to pay for any transactions
24   charged to AENB, including, as applicable, fees and finance charges. In reliance
25   upon the provisions of the 41001 Agreement, AENB did extend credit to Welcome
26   Trader's.

27   38.    Rehman, as a signatory to the 41001 Agreement, is an obligor to the
28   41001 Agreement.

- 7 -

39.    AENB performed and satisfied all of its obligations under the 41001 Cardmember Agreement. Any and all conditions precedent to the performance of AENB's contractual obligations have been satisfied or waived.

40.    Welcome Trader's and Rehman breached the 41001 Agreement by failing to make timely payments on the respective account. As a result of Welcome Trader's and Rehman's breach, AENB is entitled to all applicable remedies under the agreement, including an amount for the current balance on the account totaling at least $720,118.25.

41.    Pursuant to the terms of the 41001 Agreement, AENB is entitled to interest on the unpaid principal sums advanced by AENB at the agreed contract rate of interest.  AENB will ask leave of this Court to amend its Complaint at the time of trial, to conform to proof, to state the exact amount of interest to which AENB is entitled.

42.    AENB has and will incur attorneys' fees and costs in connection with this matter, in an amount to be determined at trial, which AENB is entitled to recover from Welcome Trader's and Rehman pursuant to the 41001 Agreement.

### THIRD CLAIM FOR RELIEF

### Breach of Contract – 81008 Agreement

### (Against Welcome Trader's and Rehman)

43.    American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

44.    The 81008 Cardmember Agreement is a valid and enforceable contract in which, in consideration of AENB extending credit, to pay for any transactions charged to AENB, including, as applicable, fees and finance charges. In reliance upon the provisions of the 81008 Agreement, AENB did extend credit to Welcome Trader's.

45.    Rehman, as a signatory to the 81008 Agreement, is an obligor to the 81008 Agreement.

COMPLAINT

46.     AENB performed and satisfied all of its obligations under the 81008 Cardmember Agreement. Any and all conditions precedent to the performance of AENB's contractual obligations have been satisfied or waived.

47.     Welcome Trader's and Rehman breached the 81008 Agreement by failing to make timely payments on the respective account. As a result of Welcome Trader's and Rehman's breach, AENB is entitled to all applicable remedies under the agreement, including an amount for the current balance on the account totaling at least $792,685.97.

48.     Pursuant to the terms of the 81008 Agreement, AENB is entitled to interest on the unpaid principal sums advanced by AENB at the agreed contract rate of interest.  AENB will ask leave of this Court to amend its Complaint at the time of trial, to conform to proof, to state the exact amount of interest to which AENB is entitled.

49.     AENB has and will incur attorneys' fees and costs in connection with this matter, in an amount to be determined at trial, which AENB is entitled to recover from Welcome Trader's and Rehman pursuant to the 81008 Agreement.

### FOURTH CLAIM FOR RELIEF

### Breach of Contract – 61003 Agreement

### (Against Rehman Trader's and Rehman)

50.     American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

51.     The 61003 Cardmember Agreement is a valid and enforceable contract in which, in consideration of AETRS extending credit, to pay for any transactions charged to AETRS, including, as applicable, fees and finance charges. In reliance upon the provisions of the 61003 Agreement, AETRS did extend credit to Rehman Trader's.

52.     Rehman, as a signatory to the 61003 Agreement, is an obligor to the 61003 Agreement.

COMPLAINT

53.    AETRS performed and satisfied all of its obligations under the 61003 Cardmember Agreement. Any and all conditions precedent to the performance of AETRS's contractual obligations have been satisfied or waived.

54.    Rehman Trader's and Rehman breached the 61003 Agreement by failing to make timely payments on the respective account. As a result of Rehman Trader's and Rehman's breach, AETRS is entitled to all applicable remedies under the agreement, including an amount for the current balance on the account totaling at least $920,849.27.

55.    Pursuant to the terms of the 61003 Agreement, AETRS is entitled to interest on the unpaid principal sums advanced by AETRS at the agreed contract rate of interest. AETRS will ask leave of this Court to amend its Complaint at the time of trial, to conform to proof, to state the exact amount of interest to which AETRS is entitled.

56.    AETRS has and will incur attorneys' fees and costs in connection with this matter, in an amount to be determined at trial, which AETRS is entitled to recover from Rehman Trader's and Rehman pursuant to the 61003 Agreement.

## FIFTH CLAIM FOR RELIEF

### Fraud – Intentional Misrepresentation

### (Against all Defendants)

57.    American Express hereby reallege and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

58.    Defendants represented to American Express that they would pay the amount charged to the American Express Accounts when they applied for the American Express Accounts and after each transaction made on the American Express Accounts. Defendants further made representations to American Express that the transactions on the American Express Accounts were bona fide transactions.

59.    Defendants knew when they were issued the American Express Accounts that they would not pay the balance owed on the American Express Accounts.

60.    Defendants made these representations with the intent that American Express would continue to extend credit to Defendants.

61.    American Express justifiably relied on Defendants' intentional misrepresentations when they deferred immediate pursuit their rights and remedies at law when Defendants began to default on their payments owed under the American Express Accounts.

62.    Defendants' intentional misrepresentations are separate and distinct from the contractual promises made to American Express under the American Express Agreements.

63.    Because Defendants acted maliciously, fraudulently, and oppressively, American Express are entitled to recover exemplary and/or punitive damages.

## SIXTH CLAIM FOR RELIEF

### Civil Conspiracy to Defraud

### (Against all Defendants)

64.    American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65.    On information and belief, Welcome Trader's, Rehman Trader's, Fatima, and Rehman conspired with one another in their fraudulent activities and intentionally agreed to join in the scheme for the purpose of using American Express to advance payments to merchants without making payments to American Express.

66.    In furtherance of the conspiracy, Rehman Trader's and Welcome Trader's applied for the American Express Accounts and initiated transactions with the knowledge that Defendants would not make timely payments on the American Express Accounts.

COMPLAINT

67.     As a legal and proximate result of the wrongful acts performed by Defendants pursuant to the conspiracy, American Express has suffered damages in an amount which will be proved at trial.

68.     In doing the acts alleged herein pursuant to the conspiracy, Defendants acted willfully and with intent to cause injury to American Express. As a result, American Express is entitled to an award of punitive and exemplary damages in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### Account Stated

### (Against all Defendants)

69.     American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

70.     Defendants are indebted to American Express in the amount of $3,455,066.11.

71.     Accounts were stated in writing by and between American Express and Defendants wherein it was agreed that Defendants were indebted to American Express for the balances due on the American Express Accounts.

72.     American Express has demanded payment of the balances due on the American Express Accounts, but Defendants have failed to make payments. American Express alleges that there are accounts stated by operation of law whereby American Express billed Defendants for the balances on the American Express Accounts and received no proper objections.

## EIGHTH CLAIM FOR RELIEF

### Unjust Enrichment

### (Against all Defendants)

73.     American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

COMPLAINT

DC\125335\00459\36560305.v2-11/27/24

74.    Pursuant to the terms of the 11009 Agreement, the 41001 Agreement, the 61003 Agreement, and the 81008 Agreement, American Express did, in good faith, extend credit to Defendants, and performed all of their duties under such aforementioned agreements.

75.    Defendants were aware of and received the benefit of the extended credit from American Express.

76.    Defendants unjustly retained the benefit of the extended credit without returning the payments owed to American Express, including fees and finance charges.

## NINTH CLAIM FOR RELIEF

### Money Had and Received

### (Against all Defendants)

77.    American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

78.    Defendants received money that was intended to be used for the benefit of American Express in that American Express extended credit to or on behalf of Defendants and, in turn, anticipated Defendants making payments to American Express, including fees and finance charges, to repay the credit that was extended.

79.    The money was not used for the benefit of American Express.

80.    Defendants have not paid American Express for the money and credit extended to Defendants, yet have wrongfully retained the benefit of the credit that was extended.

## TENTH CLAIM FOR RELIEF

### False Promise

### (Against all Defendants)

81.    American Express hereby realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

- 13 -

82.    Defendants made promises to American Express to pay American Express the money owed to American Express under the American Express Accounts.

83.    Defendants did not intend to perform their promises when they made them, yet they intended American Express that would rely on such false promise.

84.    American Express reasonably relied on Defendants' promise.

85.    Defendants did not perform the promised acts.

86.    American Express was harmed, and American Express' reliance on Defendants' promises was a substantial factor in causing American Express's harm.

87.    Because Defendants acted maliciously, fraudulently, and oppressively, American Express is entitled to recover exemplary and/or punitive damages.

### **PRAYER FOR RELIEF**

WHEREFORE, American Express requests the following relief:

(1)    For the principal sum of $3,455,066.11 on the American Express Accounts.

(2)    For an award of damages allowed by law, including without limitation, compensatory, consequential, incidental, reliance, exemplary, and punitive damages to be proven at trial.

(3)    For attorneys' fees according to proof.

(4)    For prejudgment and post-judgment interest according to proof.

(5)    For costs of suit incurred; and

(6)    For any other and further relief as the Court may deem just and proper.

- 14 -

COMPLAINT

Dated:  November 27, 2024        STEPTOE LLP


                                By:    */s/ Stephen J. Newman*
                                       Stephen J. Newman

                                Attorneys for Plaintiff
                                    AMERICAN EXPRESS NATIONAL
                                    BANK and AMERICAN EXPRESS
                                    TRAVEL RELATED SERVICES
                                    COMPANY, INC.

- 15 -

COMPLAINT