UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN EXPRESS NATIONAL BANK, et al., | No.  2:24-cv-03320-WBS-SCR |
| Plaintiffs, | |
| v. | ORDER RE: DISCOVERY MOTIONS |
| WELCOME TRADER'S, et al., | |
| Defendants. | |

Before the Court are Plaintiffs' two motions to confirm that requests for admission ("RFAs") are deemed admitted (ECF Nos. 31 & 32) and a motion to modify the scheduling order (ECF No. 33).  These discovery-related motions are before the undersigned pursuant to Local Rule 302(c)(1) and 28 U.S.C. § 636.  The Court held a hearing on April 16, 2026 on the RFA motions.  Plaintiffs' counsel appeared.  The individual defendants, who are now proceeding pro se and are alleged to be the officers of the corporate defendants, did not appear at the hearing. The Court now GRANTS IN PART and RESERVES IN PART the motions to confirm requests for admission as deemed admitted, and GRANTS the motion to modify the scheduling order.

## I.    Procedural History and Background

Plaintiffs American Express National Bank and American Express Travel Related Services Company, Inc. (herein "Plaintiffs") filed this action on November 27, 2024, alleging breach of contract, fraud, and other claims.  ECF No. 1.  Defendants are two California

1

corporations (Welcome Trader's and Rehman Trader's) and two individuals (Mehlab Fatima and Sarib Rehman). ECF No. 1 at ¶¶ 6-9. Defendants were initially untimely with their answers, and the Clerk entered default. ECF No. 10. The default was then set aside by stipulation, and an Answer was filed on behalf of all four Defendants, who were represented by counsel at the time. ECF No. 15. About six months later, in November 2025, defense counsel filed a motion for leave to withdraw as counsel, which stated there was a breakdown in communications between attorney and clients. ECF No. 19.

In advance of a hearing on the motion to withdraw, Defendants' counsel filed a supplemental declaration. ECF No. 24. In that filing, Defendants' counsel admitted that he had not had meaningful contact with Defendants since August 2025. *Id.* at ¶ 4. Defendants' counsel made clear that he informed Defendants of the need to speak with them and that Defendants were aware of this as they signed receipts for Defendants' counsel's correspondence. *Id.* at ¶ 5. On October 30, 2025, Defendants' counsel informed Defendants of the "emergency situation regarding discovery and the implications of failing to respond to discovery." *Id*. at 10. Further, in Defendants' counsel correspondence to Defendants dated November 3, 2025, he informed Defendants of the discovery sanctions that could ensue should they fail to cooperate in responding to the discovery. Specifically, he advised the Defendants that the results would be "catastrophic and may result in [Defendants] losing the case in its entirety." *Id*. at 10. Finally, in Defendants' counsel's December 26, 2026 email to Defendants, he further warned them that "failure to completely respond to discovery requests can have a devastating impact on [their] case and may cause [them] to forfeit aspects of your defense." *Id.* at 20.

Judge Shubb held a hearing on January 20, 2026 and granted the motion to withdraw. ECF No. 25. Defendant Rehman was present at that hearing. *Id*.[1]

**II.     Motions to deem admitted RFAs (ECF Nos. 31 & 32)**

Plaintiffs' motions seek to have the Court strike each of Defendant Rehman's and

---

[1] Plaintiffs have also filed a motion to strike the Answers of Welcome Trader's and Rehman Trader's and enter default because they are no longer represented by counsel. ECF No. 30. That motion is set for hearing before Judge Shubb on April 27, 2026.

Defendant Fatima's objections to RFAs and deem the RFAs admitted.  ECF Nos. 31 at 2; 32 at 2.  Plaintiffs contend the responses were boilerplate objections and were served late.  *Id*.  The responses were due the Friday after Thanksgiving, November 28, 2025, and that the objections were not served until Monday, December 1, 2025.  *Id*. at 3.

Plaintiffs sent then-counsel for Defendants a meet-and-confer letter concerning the RFA responses on December 11, 2025.  ECF No. 31-1.  Counsel for Plaintiffs and then-counsel for Defendants conferred by telephone on December 17, 2025.  After that meeting, counsel for Defendants informed counsel for Plaintiffs that he was "without additional information with which to supplement [the RFA responses] at this time."  ECF No. 37-1 at 2.  Counsel for Plaintiffs has "been attempting to reach and communicate with Defendants since January 27, 2026."  ECF No. 37 at 3.

Specifically, after filing the RFA motions on March 12, 2025, counsel for Plaintiffs sent Defendants emails on March 13, 16, and 17 concerning the motions and the need to prepare a joint statement.  ECF No. 37-2 at 3-5.  Defendants never responded substantively.  On April 3, Defendant Rehman responded that he is "currently out of the country and will be returning on April 17, 2026."  *Id*. at 2.  Defendant Rehman stated, "I am willing to meet and confer in good faith and kindly request that we schedule a time during the following week after my return."  *Id*.  Plaintiffs' counsel responded that she is "available to discuss this case any time the week of April 20th when you have returned" and requested a date and time for that discussion.  *Id*.  As of April 17, 2026, Defendant Rehman had not further responded to Plaintiffs' counsel.

Defendants have not filed responses to Plaintiffs' pending motions and, as noted, did not appear at the hearing on April 16, 2026.

**III.    Analysis**

Requests for Admission are governed by Federal Rule of Civil Procedure 36.  Rule 36(a)(3) provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  A party may file a motion regarding the sufficiency of an answer or objection.  Fed. R. Civ. P. 36(a)(6).  "Unless the court

3

finds an objection justified, it must order that an answer be served." *Id*.

District courts have discretion to "permit a longer time for a written answer to a request for admissions and to accept the filing of an answer that would otherwise be untimely." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009). A formal motion is not required for the court to exercise its discretion. *Id.* at 293-94 ("Despite its failure to have filed a formal motion to withdraw its claimed admissions, the Government's filing of a slightly overdue response effectively served as such a withdrawal."). In *Petroff-Kline*, the "slightly overdue" response was three days late, just as Plaintiffs here assert the response was three days (one business day) late. The Ninth Circuit similarly recognizes the district court's discretion. *See French v. United States*, 416 F.2d 1149, 1152 (9th Cir. 1968) ("A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36, and thus relieve a party of apparent default.")

With that said, Defendants' course of conduct is troubling. Defendants Rehman and Fatima failed to communicate meaningfully with their counsel during the discovery period, apparently failed to communicate meaningfully with counsel during the meet-and-confer process concerning the instant dispute over the RFAs, failed to respond to Plaintiffs' counsel's attempts to prepare the RFA motions for hearing, and failed to appear at the hearing on those motions. However, at least at this point, the Court is not inclined to deem the responses admitted. For the reasons explained below, the Court will reserve a complete ruling on the motions.

Defendants' objections to the RFAs are boilerplate and clearly insufficient, including because several objections are either incoherent or impertinent to the RFA at issue. Where an answer is insufficient, the general practice is for the Court to order an amended answer. In *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981), the Ninth Circuit stated that where an answer "fails to comply with the literal requirements of the Rule, courts generally order an amended answer rather than deem the matter admitted." However, the district court maintains discretion, and may impose "the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a)." *Id*. at 1247.

"An order deeming matters admitted is a severe sanction." *Grano v. Sodexo Mgmt. Inc.*,

No. 18CV1818-TWR(BLM) 2020 WL 7319529, at * 1 (S.D. Cal. Dec. 10, 2020).  Generally, it will be preferable to order an amended answer.  *See for example Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-CV-00977-PMP, 2012 WL 2132065, at *3 (D. Nev. June 12, 2012) ("While AAA's motion questioning the sufficiency of Futrell's answers requests that the objections be stricken and deemed admitted, the Court rather determines that an amended answer is appropriate.").  The Court will exercise its discretion and not deem the RFAs admitted *at this point*.  Pursuant to Rule 36(a)(6) "[u]nless the court finds an objection justified, it must order that an answer be served." Fed. R. Civ. P. 36(a)(6).  Defendants have not defended the sufficiency of the objections and, as noted above, the Court finds the objections legally deficient.  The Court will strike the objections.

Accordingly, the Court will direct Defendants Fatima and Rehman to truthfully and completely answer the RFAs within seven (7) days of the date of this Order.  If no answers are provided by that date, the Court will issue an order deeming the RFAs admitted.  If Defendants Fatima and Rehman answer the RFAs but Plaintiffs believe such answers are deficient, the parties shall arrange for an informal telephonic discovery conference ("IDC") on or before May 1, 2026. Pursuant to that IDC, the Court may issue an order on Plaintiffs' motions to deem the RFAs admitted.        !

**III.  Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1) Plaintiffs' motions (ECF No. 31 & 32) to confirm that requests for admission are deemed admitted are GRANTED IN PART and RESERVED IN PART.

   a.  Defendants Fatima's and Rehman's RFA objections served on December 1, 2025 are stricken.

   b.  Defendants shall truthfully and completely answer the RFAs within seven (7) days of the date of this Order.  Defendants' answers must comply in all respects with Rule 36.

   c.  If no answers are received by that date, Plaintiffs shall so inform the Court and Court will issue an order deeming the RFAs admitted.

d.   If Defendants Fatima and Rehman answer the RFAs but Plaintiffs' counsel believes such answers are deficient, the parties shall arrange for an informal telephonic discovery conference ("IDC") before the undersigned on or before May 1, 2026.  Pursuant to that IDC, the Court may issue a further Order on Plaintiffs' motions to deem the RFAs admitted.

2)   Plaintiffs' motion to modify the scheduling order (ECF No. 33) is GRANTED.

a.   The deadline for completion of discovery is extended to April 7, 2026, and thus discovery is now closed, with the exception of the requirement that Defendants answer the RFAs as directed herein.

b.   The deadline for dispositive motions is extended to May 7, 2026.

c.   The April 30, 2026 hearing on Plaintiffs' motion (ECF No. 33) is vacated.

d.   All other deadlines set in the Scheduling Order (ECF No. 18) remain unchanged.

SO ORDERED.

DATED: April 20, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6