UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

AMERICAN EXPRESS NATIONAL BANK, and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., a New York corporation,

Plaintiffs,

v.

WELCOME TRADER'S, a California corporation; REHMAN TRADER'S, a California corporation; SARIB REHMAN, an individual; and MEHLAB FATIMA, an individual,

Defendants.

No. 2:24-cv-03320 WBS SCR

MEMORANDUM AND ORDER

----oo0oo----

In their instant motion, plaintiffs move the court to strike the answers of Defendants Rehman Trader's and Welcome Trader's (the "corporate defendants") and enter default against those defendants.  (Docket No. 30.)

This action has a serpentine procedural history that has, in large part, resulted from defendants' failure to timely

1

file documents and communicate with counsel.  Relevant here, on November 10, 2025, defendants' then-counsel filed a motion to withdraw as attorney on the grounds that defendants refused to return his communications.  (See generally Docket No. 19.)  On December 22, 2025, the court held oral argument on that motion and continued the matter to January 20, 2026, to provide defendants a final opportunity to appear and be heard.  (See Docket No. 23.)

During oral argument on January 20, 2026, at which the individual defendants were present, the court repeatedly reminded the parties that the corporate defendants must be represented by counsel or they will not be permitted to appear or be heard.  At the conclusion of that hearing, the court granted defendants' then-counsel's motion to withdraw as attorney for all defendants (see Docket No. 25); the corporate defendants have since been unrepresented by counsel, and the individual defendants apppear to be proceeding pro se.  The instant motion followed on March 12, 2026.  (Docket No. 30.)  The individual defendants have failed to file a timely opposition (or any opposition), and the corporate defendants have still failed to retain counsel.

I.    Entry of Default

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  (emphasis added).  Given the "longstanding rule that corporations . . . must appear in court through an

2

attorney," D-Beam Ltd. P'ship v. Roller Derby Skates, Inc., 366 F.3d 972, 973-74 (9th Cir. 2004) (citation modified), the Ninth Circuit has repeatedly found that "entry of default judgment against a corporation based on its failure to retain counsel is 'perfectly appropriate.'" United States Sec. & Exch. Comm'n v. C3 Int'l, Inc., No. 24-5679, 2025 WL 3312122, at *2 (9th Cir. Nov. 28, 2025) (quoting United States v. High Country Broad. Co., 3 F. 3d 1244, 1245 (9th Cir. 1993) (per curiam)).

Accordingly, entering default against the corporate defendants is proper. See Lorillard Tobacco Co. v. Super 99 Outlet, No. 03-cv-8882 MMM CWx, 2005 WL 8156274, at *2 (C.D. Cal. Sept. 27, 2005) (entering default against corporation that failed to retain counsel); Adobe Sys. Inc. v. Software Tech, No. 5:14-cv-02140-RMW, 2015 WL 6956632, at *1 (N.D. Cal. Nov. 10, 2015) (same).

II.  Motion to Strike

As discussed above, the corporate defendants have failed to oppose plaintiffs' motion to strike because they have failed to retain counsel through which they could do so.  In light of their non-opposition and the fact that "[w]hen a corporation fails to retain counsel to represent it in an action, its answer may be stricken," Crandall v. Semillon Inc., No. 15-cv-1257 GPC NLS, 2016 WL 4479397, at *2 (S.D. Cal. Aug. 25, 2016), the court will grant plaintiffs' motion to strike the corporate defendants' answer.  See E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

IT IS THEREFORE ORDERED that plaintiffs' motion to strike the answers of Defendants Rehman Trader's and Welcome Trader's and request for entry of default against those defendants (Docket No. 30) be, and the same hereby is, GRANTED; and the Clerk of Court is directed to enter the default of defendants Rehman Trader's and Welcome Trader's.[1]

IT IS SO ORDERED.

Dated:  April 23, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]   Pursuant to Local Rule 230, this motion is decided on the papers without oral argument.  The scheduled April 27, 2026, hearing on the motion is hereby VACATED.

4