UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMERICAN EXPRESS NATIONAL BANK, et al.,

Plaintiffs,

v.

WELCOME TRADER'S, et al.,

Defendants.

No.  2:24-cv-03320-WBS-SCR

FINDINGS AND RECOMMENDATIONS

Before the Court is Plaintiffs' motion for default judgment.  ECF No. 43.  The motion is referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636.  The Court held a hearing on June 18, 2026, at which Plaintiff appeared through counsel and Defendants were not present.  ECF No. 52.  The Court recommends that the motion be granted and largely adopts the proposed order submitted by Plaintiffs (ECF No. 43-6).

The Court, having considered Plaintiffs American Express National Bank and American Express Travel Related Services Company, Inc.'s Motion for Default Judgment Against Corporate Defendants Rehman Trader's, Inc. and Welcome Trader's, Inc., the supporting Memorandum of Points and Authorities, the Declaration of Ilana G. Zelener, and pleadings and records on file in this action, hereby finds as follows:

1.      Defendants Rehman Trader's, Inc. and Welcome Trader's, Inc. (collectively, the "Corporate Defendants") were properly served with the Summons and Complaint.

1

2.	The Corporate Defendants' Answers were stricken, and default was properly entered against them pursuant to Federal Rule of Civil Procedure 55(a).  ECF Nos. 39 & 40.

3.	The Corporate Defendants have failed to appear or otherwise defend this action and are not minors, incompetent persons, or individuals in active military service.

4.	Plaintiffs have established entitlement to default judgment against the Corporate Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2), for reasons identified in Plaintiffs' Motion for Default Judgment.  *See* ECF No. 43.  Consideration of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weighs in favor of entry of default judgment.

5.	Plaintiffs have demonstrated that there is no just reason for delay in entering final judgment against the Corporate Defendants pursuant to Federal Rule of Civil Procedure 54(b). Entry of judgment against the Corporate Defendants will materially advance the efficient resolution of this action and will not result in inconsistent adjudications or piecemeal appeals. This is particularly true where summary judgment has been granted as to Plaintiffs' claims against the Individual Defendants.  ECF No. 50.

6.	Plaintiffs are entitled to recover damages, interest, and contractual attorneys' fees and costs from the Corporate Defendants, consistent with the relief sought in the Complaint and supported by Plaintiffs' submissions.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.	Plaintiffs' Motion for Default Judgment Against Corporate Defendants (ECF No. 43) be **GRANTED**.

2.	Plaintiffs be awarded $3,992,731.17, consisting of $3,455,066.11 in principal and $537,665.06 in pre-judgment interest (at a rate of 10% per annum) against Defendants Rehman Trader's, Inc. and Welcome Trader's, Inc.

3.	Plaintiffs be further awarded their reasonable attorneys' fees and costs pursuant to the governing Cardmember Agreements, in an amount to be determined upon submission of a post judgment motion, supplemental declaration, or otherwise.

4.	The Order granting default judgment be considered a final order as to the Corporate Defendants which is to be incorporated into a final judgment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3